IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD P. FUNARI, JR. #346157     *
           Plaintiff,
    v.     *    CIVIL ACTION NO. CCB-09-2667

GARY D. MAYNARD, et al.     *
           Defendants.
                                  ***

MEMORANDUM

**Background**

Plaintiff, who is confined at the Maryland Correctional Institution ("MCI") in Hagerstown, Maryland, filed this 42 U.S.C. § 1983 civil rights action for damages alleging that while housed at the Maryland Reception, Diagnostic & Classification Center ("MRDCC") he climbed onto his upper bunk and it broke loose from the wall, causing him to hit his head against the wall. He claims that he was taken to the emergency room at the University of Maryland Medical System ("UMMS"), received staples to close the gash to his head, and was informed he had suffered a sprained neck. Paper No. 1.

Plaintiff complains that upon his return to MRDCC he was placed on administrative segregation and accused of being an escape risk in an attempt to "cover this problem." He further alleges that "upon information and belief," this was not the first incident involving faulty and/or broken cell bunks at MRDCC, nor the first time MRDCC superiors were aware of such conditions.

**Dispositive Filings**

Defendants have filed a motion to dismiss or, in the alternative, motion for summary judgment, which shall be treated as a summary judgment motion. Paper No. 18. Plaintiff has filed a response. Paper No. 21. The case is ready for the court's consideration. Oral hearing is not

deemed necessary. *See* Local Rule 105.6. (D. Md. 2010). For reasons to follow defendants' summary judgment motion shall be granted.

## **Standard of Review**

Fed. R. Civ. P. 56(c)(2) provides that:

> [Summary judgment] sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

## Analysis

Plaintiff raises a conditions of confinement claim for the faulty bunk bed and also takes issue with his assignment to administrative segregation while at MRDCC. According to defendants, during the 11 to 7 shift on May 28, 2007, plaintiff notified MRDCC personnel that he had been injured. A maintenance order was written up for bunk repair to cell "6B-01." Paper No. 18, Ex. 1. Plaintiff was escorted to UMMS where he received treatment for a 1 ½ cm laceration to his scalp and for subjective complaints of nausea and vomiting. *Id.*, Ex. 2 at pgs. 51-60. It was also noted that plaintiff had a history of left temporal brain mass and seizures.[1] *Id.* CT scans of the head and spine were normal. Plaintiff was given Percocet and the scalp laceration was closed with three staples. He was discharged from UMMS with a neck collar and Percocet prescription. *Id.*

---

[1] The records show that prior to this incident plaintiff was seen at UMMS for a history of headaches, seizures, head trauma, and neck pain. Paper No. 18, Ex. 2. After the September 28, 2007 incident, he filed sick-call encounter forms complaining of headaches and neck pain attributable to the incident or to his brain mass and seizures. Defendants claim that plaintiff has experienced head trauma on several occasions after the September 28, 2007 incident due to seizures.

3

Defendants assert that upon his return to MRDCC from UMMS on September 28, 2007, plaintiff was placed on administrative segregation pending investigation into his being a possible escape risk.[2] *Id.*, Ex. 1. He was removed from administrative segregation and placed on general population on October 2, 2007, due to the absence of proof of an actual escape attempt. *Id.*

Under the circumstances demonstrated by the record, no Eighth Amendment violation has occurred. Prison "officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An inmate may set out a conditions of confinement claim by alleging that he was deprived of a basic human need which was objectively sufficiently serious and that subjectively prison officials acted with a sufficiently culpable state of mind to expose him to those conditions. *See also Farmer*, 511 U.S. at 834; *Strickler v. Waters*, 989 F. 2d 1375, 1379 (4th Cir. 1993).

Upon review of the briefing, the court finds that plaintiff has failed to proffer evidence which would show that MRDCC personnel were deliberately indifferent to the conditions or aware of a risk that the bunk would break loose from the wall. Aside from his bald allegation "under information and belief "that this was not the first incident involving broken cell bunks at MRDCC, plaintiff has failed to show a history of faulty bunks at MRDCC breaking off the walls or that defendants had prior knowledge of issues concerning the bunks.[3] While the incident was unfortunate, it is not

---

[2] Officials found that "no physical evidence supports [the] alleged claims of physical structural defect of cell bunk, without tampering" and noted that plaintiff had requested a telephone call prior to exiting the prison to go to UMMS, which could be perceived as an attempt to formulate an escape. Paper No. 18, Ex. 1.

[3] In his response plaintiff complains that he has not been afforded the opportunity to conduct discovery. Paper No. 21. He further explains that as he has very limited resources for informal investigation, he again is requesting the appointment of counsel. The request for appointment of counsel shall be denied for the reasons previously articulated by the court. *See* Paper No. 20. Further, an unsupported request for

actionable under § 1983. At best, under these circumstances plaintiff asserts a tort claim, not a claim of constitutional dimensions. The Supreme Court has held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986)(emphasis in original); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986).

Moreover, to the extent that plaintiff complains he was held on administrative segregation from September 28, 2007 to October 2, 2007, the court finds no colorable due process claim has been shown. Under *Sandin v. Conner*, 515 U.S. 472 (1995), the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations. *Id*. at 483-84. Following the reasoning of the Supreme Court in *Sandin*, the Fourth Circuit held that a liberty interest is not implicated when inmates are placed on administrative segregation, because when compared with the conditions they would expect to experience as an ordinary incident of prison life, such placement does not constitute an atypical and significant hardship. *See Beverati v. Smith*, 120 F.3d 500, 502-04 (4th Cir. 1997). There is no showing that the conditions experienced by plaintiff on MRDCC administrative segregation for four to five days were so onerous as to give rise to a liberty interest.

---

discovery in the hopes of obtaining additional information does not warrant denial of a properly-supported motion for summary judgment. See Fed. R. Civ. P. 56(f); *Evans v. Techs. Application & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

## **Conclusion**

For the aforementioned reasons, defendants' motion for summary judgment shall be granted.

A separate Order follows.


Date:     July 29, 2010                                    /s/
                                            Catherine C. Blake
                                            United States District Judge